NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR LEMUS RAMOS, | No.   14-71990 |
| Petitioner, | Agency No. A077-181-058 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2017
Pasadena, California

Before:  REINHARDT, GILMAN,** and WARDLAW, Circuit Judges.

Salvador Lemus Ramos applied for deferral of removal to Mexico under the

Convention against Torture (CAT) after the Department of Homeland Security

initiated removal proceedings based on a felony drug conviction in a California

state court.  An Immigration Judge (IJ) found Lemus Ramos removable under

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

8 U.S.C. § 1227(a)(2)(B)(i) and denied him CAT relief after determining that he had failed to show that he is more likely than not to be tortured if returned to Mexico. The Board of Immigration Appeals (BIA) affirmed.

To qualify for deferral of removal under the CAT, an applicant has the burden of showing that he "is more likely than not to be tortured in the country of removal." 8 C.F.R. § 1208.16(c)(4). Evidence of past torture, although relevant, does not create a presumption of future torture. *Mohammed v. Gonzales*, 400 F.3d 785, 802 (9th Cir. 2005).

Although reports of conditions in Mexico suggest that gay individuals continue to suffer discrimination in the country, Lemus Ramos has not established a greater than 50 percent chance of being tortured if returned. "Torture is an extreme form of cruel and inhuman treatment." 8 C.F.R. § 1208.18(a)(2). It signifies more than mere discrimination or persecution. *Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013); 8 C.F.R. § 1208.18(a)(1) (defining torture, in part, as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person").

Although Lemus Ramos's history of abuse suffered as a child in rural Mexico is undeniably serious, he has not established that he is more likely than not to suffer *future* torture if returned to Mexico. *See* 8 C.F.R. § 1208.16(c)(3) (noting that an IJ should consider "all evidence relevant to the possibility of future

14-71990

torture," including "[e]vidence of past torture inflicted upon the applicant," "[e]vidence that the applicant could [safely] relocate to a part of the country of removal," and "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal").

We conclude that substantial evidence supports the BIA's finding that Lemus Ramos failed to show that he is more likely than not to be tortured if returned to Mexico. His petition for deferral of removal is therefore **DENIED.**

14-71990